UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:                                             Case No. 809-75567-ast

David Horowitz,                                    Chapter 7

                     Debtor.
--------------------------------------------------------x
James T. Williams,

                     Plaintiff,         Adv. Pro. No. 09‑8434‑ast
   V.

David Horowitz,
                     Defendant.
--------------------------------------------------------X

**APPEARANCES:**

       Katherine A. Geraci, Esq.
       Thaler & Gertler LLP
       90 Merrick Avenue - Suite 400
       East Meadow, New York 11554
       Attorney for Debtor

       Steven B. Sheinwald, Esq.
       Kirschenbaum & Kirschenbaum
       200 Garden City Plaza
       Garden City, New York 11530-3302
       Attorney for Chapter 7 Trustee

       Jeffrey Herzberg, Esq.
       Zinker & Herzberg, LLP
       278 East Main Street - Suite C
       PO Box 866
       Smithtown, New York 11787-0866
       Attorney for James T. Williams

 HON. ALAN S. TRUST, United States Bankruptcy Judge

## MEMORANDUM OPINION ON RELIEF FROM STAY AND PARTIAL ABSTENTION

### Issues Before this Court

Pending before the Court is the motion for relief from stay filed by creditor James T. Williams ("Williams") in the above referenced main case. Williams seeks stay relief to continue litigation of a state court action involving Debtor and others. Williams, as Plaintiff, has also filed the above referenced adversary proceeding in which he asserts various claims against Debtor under Section 523(a)(4) of the Bankruptcy Code, objecting to dischargeability of certain alleged debts. The claims in the adversary proceeding mirror those pending before the state court.

This Court addresses the issue of whether it should lift the stay to allow the state court action to continue, and, if so, whether this Court should abstain from hearing Plaintiff's Section 523(a)(4) claims in whole or in part. For the reasons stated herein, this Court will lift the stay to allow the state court action to proceed to judgment, and will abstain, in part, from hearing the adversary.

### Procedural Background

Debtor, David Horowitz ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on July 28, 2009 (the "Petition Date"). [dkt item 1][1] As of the Petition Date, Debtor was a co-defendant in an action pending in the Supreme Court of the State of New York, County of Nassau (the "Supreme Court") styled "James T. Williams, Plaintiff, v. David Horowitz and Stacey Granat, Defendants," Index No. 09-

---

[1] Unless otherwise indicated, all docket references are to the main bankruptcy case.

7573 (the "State Court Action"). The State Court Action was commenced by summons and verified complaint dated April 8, 2009.

This is an asset bankruptcy case. The Trustee filed a Notice of Discovery of Assets on August 25, 2009, and the Court established a proofs of claim bar date of November 23, 2009. [dkt item 10]

Williams filed his motion for relief from the automatic stay to continue the State Court Action on September 26, 2009 (the "Motion"). [dkt item 18] Also on September 26, 2009, Williams filed adversary proceeding number 09-8434 against Debtor (the "Adversary"). Williams has also filed a timely proof of claim.

Debtor filed his opposition to the Motion on October 19, 2009 (the "Opposition"). [dkt item 23]

Debtor received his discharge on November 3, 2009. [dkt item 26]

Williams filed a reply to the Debtor's opposition to the Motion on January 12, 2010. [dkt item 33]

The Chapter 7 Trustee of the estate of the Debtor, Kenneth Kirschenbaum, Esq. (the "Trustee"), filed an opposition to the Motion on January 11, 2010 (the "Trustee's Opposition"). [dkt item 32] Williams filed a reply to the Trustee's Opposition on January 12, 2010. [dkt item 34]

This Court conducted a hearing on the Motion, the Opposition, and the Trustee's Opposition on January 14, 2010 (the "Hearing").

**The State Court Action**

The State Court Action arises from various investments with which Debtor and Williams were involved, relating to companies referred to as C&C Home Care, Inc. ("C&C"), Extended Care Concepts, LLC ("Extended Care"), and DDJS Realty, LLC ("DDJS"). C&C and Extended Care each have filed bankruptcy cases under Chapter 11 of the Bankruptcy Code, both of which are assigned to this Court.[2] DDJS is not the subject of a pending bankruptcy case.

As noted, the State Court Action is between Williams, Debtor and non-debtor Stacey Granat ("Granat"). In the State Court Action, Williams alleges, *inter alia*, that DDJS owned the premises known as 185 Express Street, Plainview, New York (the "Premises"), and that DDJS was owned in equal percentages by Debtor, Williams and Granat. Williams further alleges that he, Debtor and Granat also owned each interests in C&C and Extended Care. Williams further alleges that, on or about November 30, 2007, Debtor, as the managing member of DDJS, entered into an agreement to sell the Premises for $3,150,000.00, and that the sale closed in March 2008. William further alleges that Debtor failed to remit or cause DDJS to remit to Williams several hundred thousand dollars to which Williams asserts he was entitled based upon his ownership interests in DDJS, C&C and Extended Care, and various agreements he had with Debtor and Granat. Williams also alleges his funds were diverted by Debtor and/or Granat to his prejudice and without his consent.

The State Court has issued a discovery schedule and scheduled the State Court Action for trial commencing on November 15, 2010. The State Court has also denied Granat's motion to

---

[2] C&C has been assigned case number 09-75460-ast; Extended Care has been assigned case number 09-75465-ast.

dismiss Williams's complaint.

## **Analysis**

This Court must address two issues. First, this Court must determine whether the stay should be lifted to allow the State Court Action to proceed. If the stay is lifted, the second issue becomes how this Court should manage the Adversary.

Williams relies on Section 362(d)(1) and asserts he has established cause to obtain stay relief. Williams cites to *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), and the non-exclusive list of factors discussed therein that may be relevant in determining whether the stay should be lifted to allow litigation to continue outside of bankruptcy court. These factors include:

1. Whether relief would result in a resolution of the issues;

2. Whether a special tribunal with the necessary expertise has been established to hear the cause of action;

3. Judicial economy;

4. Whether relief would result in a partial or complete resolution of the proceeding;

5. The lack of interference with the bankruptcy case;

6. Whether litigation in another forum would prejudice the interests of other creditors;

7. Whether litigation is already pending;

8. Bad faith; and

9. The impact of the stay on the parties and the balance of the harm.

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)(citing *In re Curtis*, 40 B.R. 795,

799-800(Bankr. D. Utah 1984).

After analyzing these factors here, this Court has determined that:

1. The granting of the automatic stay would result in a greater resolution of the pertinent issues than if this Court retained jurisdiction, as this Court does not presently have jurisdiction over the claims asserted against Granat;

2. All the pertinent issues concerning the State Court Action pertain to issues of state law and are not creatures of the Bankruptcy Code;

3. Judicial economy is better served by permitting one forum to decide all of the pertinent issues between Williams and Debtor and Granat, inclusive of the amount of debt, if any, that the Debtor owes Williams, subject possibly to a future order deeming the debt to be non-dischargeable;

4. There should be no interference with the administration of the pending bankruptcy case;

5. Litigation before the State Court should not prejudice the rights of any other creditor of the estate of the Debtor; and

6. The State Court Action is already pending.

The Trustee opposes stay relief by asserting that Williams's claim can be estimated by this Court for distribution and allowance purposes under Section 502(c), and that, because this is an asset case, the estate may be compelled to intervene in the State Court Action and, thereby incur unnecessary expense. The Court, however, is not persuaded by either of these arguments.

First, the Trustee can invoke Section 502(c) and seek an estimation of Williams's claims if awaiting trial of the State Court Action in November 2010 would cause any undue delay in the administration of this estate. The availability of the estimation process does not weigh against lifting the stay.

Further, at the Hearing, the parties conceded that no counterclaims had been filed by

Debtor against Williams in the State Court Action, and that Debtor had not scheduled any claims against Williams.  As such, there are no assets of this bankruptcy estate to be protected by the Trustee in the State Court Action.

Further, if this Court were to liquidate Williams's claim against Debtor, that would be undertaken in the Adversary, to which the Trustee is not a party.  Thus, if the Trustee desires to be a direct party to the liquidation of the Williams claim, and if the stay were not lifted, he would need to intervene in the Adversary.

Additionally, the Trustee asserts that Williams should be denied stay relief and required to litigate his Section 523(a)(4) action before this Court.  However, the Trustee has no interest as to whether any debts due Williams should survive Debtor's discharge.

Finally, it would be a waste of judicial resources and the parties' resources to liquidate Williams's claim in a proof-of-claim proceeding as a contested matter, and have separate trials between Williams and Debtor in the Adversary on dischargeability and between Williams and Granat in the State Court Action.

Thus, stay relief should be granted to allow the State Court Action to proceed to judgment. However, Williams will not be allowed to seek collection of any judgment in his favor, absent further order of this Court.

## This Court Should Abstain in Part From Hearing the Adversary

Having concluded that the stay should be lifted, the question becomes how this Court should manage the Adversary.  This Court has determined that abstention in part from the Adversary is permissible and appropriate here, pursuant to Section 1334(c)(1) of Title 28, which

provides as follows:[3]

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

When considering whether permissive abstention is appropriate, bankruptcy courts have considered one or more—although not necessarily all—of twelve factors. *Wallace v. Guretzsky,* No. CV-09-0071, 2009 WL 3171767, *2 (E.D.N.Y. Sept. 29, 2009); *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003); *Barbaro, Jr., et al. v. Wider* (*In re Wider*), Adv. No. 09-8313-ast, 2009 WL 4345411, *2 (Bankr. E.D.N.Y. Nov. 30, 2009). These factors are:

  1. The effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

  2. The extent to which state law issues predominate over bankruptcy issues;

  3. The difficulty or unsettled nature of the applicable state law;

  4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

---

[3] This Court is considering abstention *sua sponte*, which is permitted by 28 U.S.C. § 1334(c)(1). By its terms, § 1334(c)(1) does not require a motion be filed. By contrast, abstention under § 1334(c)(2) expressly must be by motion:

> (c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of an asserted 'core' proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden of [the court's] docket;

10. The likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial; and

12. The presence in the proceeding of non-debtor parties.

*Wallace*, 2009 WL 3171767 at *2.

Recently, this Court determined to abstain in a case also involving prepetition state court litigation between a debtor, Ms. Wallace, and a nondebtor party, Mr. Guretzsky. The adversary proceeding commenced in that case sought to block the dischargeability of certain debts under Section 523(a)(6). After applying the above outlined abstention factors, this Court issued an order of partial abstention. *Guretzky v. Wallace*, ch. 7 No. 07-75231, Adv. No. 08-8048-ast, docket item 12 (Bankr. E.D.N.Y. Oct. 20, 2008). The United States District Court for the Eastern District of New York affirmed that decision on appeal. *Wallace*, 2009 WL 3171767, at *5-6; *see also, Wider*, Adv. No. 09-8313-ast, 2009 WL 4345411 (addressing similar issues to determine abstention).

Here, too, the relevant factors weigh in favor of abstention. The underlying liability issues

between Williams and Debtor in the State Court Action are matters of New York State substantive law. The fraud alleged against Williams is common law fraud and not a creature of the Bankruptcy Code. As noted, Williams's Section 523(a)(4) claims mirror the subject claims of the State Court Action. Thus, in the Adversary, the issues potentially giving rise to determinations of nondischargeability are issues of state law, with the sole exception of the conclusions of nondischargeability to be made under Section 523(a)(4).

Specifically, of the twelve abstention factors, the following weigh in favor of abstention here:

1. the lack of the effect of abstention on the efficient administration of this estate;

2. state law issues predominate over bankruptcy issues;

4. the presence of a related proceeding commenced in state court or other nonbankruptcy court;

5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

8. the lack of feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

11. the existence of a right to a jury trial; and

12. the presence in the proceeding of nondebtor parties.

Issues 4, 8, 11, and 12 are particularly impactive here. The State Court Action is a multiparty action, including a party other than Williams and Debtor. This Court has no core jurisdiction over the claims of the nondebtor Williams against the nondebtor Granat. Further, all

of the parties have jury trial rights before the State Court; however, absent full consent, this Court could not preside over the State Court Action if removed to this Court, and the parties' jury trial rights were properly exercised.

## Conclusion

Thus, the stay will be lifted to allow the State Court Action to proceed to judgment; however, enforcement of any judgment shall remain stayed, pending further order of this Court. This Court will abstain from hearing the Adversary, in part, as to Williams's claims that the debts claimed by Williams to be owed to him should survive Debtor's discharge, pursuant to Section 523(a)(4) of the Bankruptcy Code. Williams and/or Debtor shall return to this Court following the trial of the State Court Action and ask this Court to enter a judgment under Section 523(a)(4) based on the findings and/or jury verdict(s) of the trier of fact in the State Court Action.

Consistent with the ruling herein, Plaintiff's Counsel is hereby directed to submit to the Court within ten days from entry of this memorandum opinion, separate proposed orders for the main case and the Adversary.

**Dated: March 1, 2010**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**